UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENRE BROGUE,

                Plaintiff,        Case No. 12-cv-14220
                                      Honorable Paul D. Borman
                                      Magistrate Judge David R. Grand
    v.

MICHAEL ASTRUE,
Commissioner of Social Security

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED *IN FORMA PAUPERIS* [5]**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* [5] be **DENIED**.

**II.    REPORT**

Before the court is plaintiff Genre Brogue's Application to Proceed *In Forma Pauperis* ("IFP") [5], referred to this court pursuant to an order of reference [2]. This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 197 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court has discretion to grant or deny an IFP petition. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363 (4th Cir. 1980).

Having examined Brogue's IFP application, the Court concludes that her claim of financial hardship is not supported by her application. Brogue states that the only reason she is filing an IFP application is because a person named "Ms. Brown refused to process the draft in the amount of $500.00 to cover $350.00 filing fee and other specified costs enclosed with the initial filing," in this matter. (IFP App. at 1). Furthermore, she notes that she is "semi-retired" as a U.S. Army Officer, and she refuses to disclose the amount of salary she receives from her employer, alleging that the amount is "undisclosed" or "unknown" due to the information being "stolen from my U.S. mail deliveries." (*Id.*). In addition, she notes that she has received gifts or inheritances, but does not disclose their amounts. (*Id.*). She also discloses that she currently receives Social Security disability benefits in the amount of $698.00 a month. (IFP App. at 2). Although Brogue indicates that she maintains both a checking and savings account, she states that the accounts' combined balance is "undisclosed/unknown" because her account materials "were stolen from my mail deliveries and 'court files.'" (*Id.*). Finally, while Brogue indicated that she had no assets, she qualified this statement, writing, "I liquidated my assets [in] 01/1995 but have not received my monies from Merrill/Lynch/Pierce or/and U.S. Dist. Ct. of SE MI." (*Id.*).

The court finds these statements insufficient to demonstrate poverty as required to proceed without payment of the filing fee because they do not show she actually lacks the funds to pay the required filing fee. *See Brogue v. Fort Knox Federal Credit Union*, No. 96-1896, 1997 U.S. App. LEXIS 10744 (6th Cir. May 8, 1997) (finding that plaintiff's statements of only having limited access to funds in bank accounts and other assets, with no explanation of inability

to obtain access, insufficient to sustain an IFP application.).[1]

### III. CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that plaintiff Brogue's Application to Proceed *In Forma Pauperis* **[5]** be **DENIED**.

Dated: October 25, 2012           s/David R. Grand
Ann Arbor, Michigan           DAVID R. GRAND
         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy.

---

[1] The court notes that Brogue previously filed five other cases in this District in the mid-1990s, apparently involving the funds she claims not to have access to here. (*See docket reports for case numbers* 93-cv-71909, 96-cv-73104, 96-fp-72821, 96-fp-72822, 96-mc-73789). On each occasion, Brogue filed an IFP application, and on each occasion, it appears her application was denied. (*See id.*). In at least one case, *Brogue v. Fort Knox Credit Union*, 96-72821, Brogue appealed the denial of her IFP application to the Sixth Circuit, which rendered the opinion cited above rejecting her application. From the context of the Sixth Circuit's opinion, it appears Brogue's application contained similar assertions to the ones she makes in her instant IFP application. 1997 U.S. App. LEXIS 10744 at *2.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2012.

                                               s/Felicia M. Moses
                                               FELICIA M. MOSES
                                               Case Manager