UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENRE BROGUE,

        Plaintiff,                        Case No. 12-cv-14220

                                                Paul D. Borman
v.                                          United States District Judge

MICHAEL ASTRUE,

        Defendant.

_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF
*IN FORMA PAUPERIS* STATUS (ECF NO. 8);
(2) ADOPTING MAGISTRATE JUDGE GRAND'S OCTOBER 25, 2012 REPORT AND
RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA
PAUPERIS* (ECF NO. 6); and
(3) DENYING PLAINTIFF'S APPLICATION
TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 5)

This matter is before the Court on Plaintiff's Objections (ECF No. 8) to Magistrate Judge Grand's October 25, 2012 Report and Recommendation to Deny Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 6). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Application to Proceed *In Forma Pauperis*.

I.     BACKGROUND

Plaintiff filed the instant action against the Commissioner of Social Security on September 24, 2012. (ECF No. 1, Petition for Judicial Review of the Commissioner of Social Security.) On its filing, this Social Security case was referred to Magistrate Judge David R. Grand. (ECF No. 2,

Clerk's Notice of Reference.) Plaintiff did not accompany her filing with the requisite filing fee. Accordingly, on October 9, 2012, Magistrate Judge Grand issued an order directing Plaintiff to pay the filing fee or file an application to proceed *in forma pauperis*. (ECF No. 4.)

On October 16, 2012, Plaintiff filed an Application to Proceed *In Forma Pauperis*. (ECF No. 5.) Plaintiff's Application indicated that Plaintiff is employed (semi-retired), that she received money of an undisclosed amount in the past 12 months in the form of gifts and inheritances and from other sources, that she receives $698 per month in social security payments, that she has money of an undisclosed amount in both a checking and a savings account and that she has no dependents. (ECF No. 5.)

On October 25, 2012, Magistrate Judge Grand issued a Report and Recommendation to deny Plaintiff pauper status because her Application failed to show that Plaintiff actually lacked funds to pay the fee and therefore her Application was insufficient to demonstrate poverty. (ECF No. 6, Report 2.) Plaintiff then filed the instant Objections (improperly styled as a motion) challenging the Magistrate Judge's denial of her Application to proceed without prepayment of the filing fee. (ECF No. 8.)

II.  **STANDARD OF REVIEW**

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving

appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error' are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

III. ANALYSIS

Plaintiff's Objection, like her Application, does not address the fundamental failing of her request to proceed in this Court without prepayment of the filing fee, i.e her failure even to claim that she is indigent and therefore unable to pay the fee required to proceed in this Court. Plaintiff does not address at all in her Objection the Magistrate Judge's conclusion that Plaintiff has never

recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## IV. CONCLUSION

For the foregoing reasons, and having conducted a *de novo* review of Plaintiff's Application to Proceed *In Forma Pauperis*, the Court DENIES Plaintiff's Objections (ECF No. 8), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 6) and DENIES Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 5).

Plaintiff must pay the filing fee on or before December 28, 2012 or the case shall be dismissed.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 12-12-12